IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES

V.     CASE NO. 2:07CR184

ADAM MCHANN     DEFENDANT

## ORDER

This cause comes before the court on the motion in limine [28] of the government to exclude reference to the defendant's commendation and awards, the victim's character, and the victim's criminal record.

The defendant, Adam McHann, is charged with depriving Dedrick Johnson of his civil rights under 18 U.S.C. § 242. The government alleges that while acting as a police officer, McHann willfully ordered his dog to bite and maul Johnson, an unarmed suspect who had surrendered to police.

The government first seeks to exclude any reference to awards received by McHann for his police work. This issue is governed by Federal Rule of Evidence 404(a)(1). Rule 404(a)(1) allows a defendant to offer evidence of "a pertinent trait of character" to rebut an element of a charged crime. Neither party points to case law squarely on point. However, the issue is clear. In order to determine if the awards or commendations are admissible, the court must decide if they go to an element of the crime charged. Unfortunately neither party has submitted what accolades McHann has received. The court therefore cannot make a ruling at this time. An award given for excellence in investigation would be inadmissible as unrelated to the charged

crime. A commendation for using the correct level of force would be admissible. There is doubtless a group of possible awards or commendations in the gray area between those two hypotheticals. The court reserves ruling on this issue until it is aware of the type of awards and commendations sought to be introduced.

The government next seeks to exclude evidence of Johnson's character. The court faces the same problem in ruling on this issue. Federal Rule of Evidence 404(a)(2) allows a defendant to introduce the victim's pertinent traits of character. Again neither party makes clear the content of the evidence sought to be introduced. The government concedes character evidence related to aggression or truthfulness is admissible. The defendant asks the court to reserve ruling on Johnson's prior criminal record until his testimony clears up whether that evidence goes to a pertinent character trait.[1]

The only evidence clearly sought to be admitted is the reason Johnson initially ran from the police. The defense argues that this goes to Johnson's decision not to obey the orders of the police. Because using a police dog to subdue a fleeing suspect might be reasonable force, this evidence appears to be relevant to the crime charged. Defense counsel believes Johnson initially fled because he thought he had outstanding warrants. This fear of being arrested makes it more probable that Johnson would flee again. As such the court finds this potential line of questioning relevant to an essential element of the crime charged. As such the court will allow its admission. The court reserves ruling on other character evidence related to Johnson. The court, however, cautions the attorneys not to elicit testimony of Johnson's prior criminal history without the clear

---

[1] The government addresses Johnson's prior criminal record separately from the remainder of character evidence related to him. The court believes these issues to be interrelated and to hinge on the same considerations. As such the court addresses all character evidence related to Johnson together.

permission of the court.

The government's motion is DENIED IN PART and the court RESERVES RULING IN PART.

This the 21st day of November, 2008.

                                           **/s/ MICHAEL P. MILLS**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**